[Cite as *State v. Britt*, 2015-Ohio-3605.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO : | |
| : | Appellate Case No. 26584 |
| Plaintiff-Appellee : | |
| : | Trial Court Case No. 14-TRC-10790 |
| v. : | |
| : | (Criminal Appeal from |
| SYLVESTER BRITT : | Dayton Municipal Court) |
| : | |
| Defendant-Appellant : | |
| : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 4th day of September, 2015.

. . . . . . . . . .

LYNN DONALDSON, Atty. Reg. No. 0041507, and STEPHANIE L. COOK, Atty. Reg. No. 0067101, by JOSHUA T. SHAW, Atty. Reg. No. 0087456, Dayton City Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

RICHARD A. NYSTROM, Atty. Reg. No. 0040615, 6581 Atterbury Court, Dayton, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Sylvester Britt appeals from his conviction and

sentence for one count of Operating a Motor Vehicle While Under the Influence, in violation of R.C. 4511.19(A)(1)(a), one count of Operating a Motor Vehicle While Under the Influence, in violation of R.C. 4511.19(A)(1)(h), and one count of Failure to Stop, in violation of R.C. 4511.13, following no-contest pleas to the charges. Britt was also charged, as a result of the same traffic stop, with an Open Container violation, under Dayton Revised Code of General Ordinances 90.141, but the disposition of that charge is not within the scope of this appeal.

{¶ 2} Britt's assigned counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he cannot find a potential assignment of error having arguable merit. Neither can we. Accordingly, the judgment of the trial court is Affirmed.

### I. Britt Is Stopped

{¶ 3} In its decision overruling Britt's motion to suppress, the trial court made the following findings of fact:

> The Defendant herein, Sylvester Britt, was operating his motor vehicle at about 3:30 a.m. on North Main Street in Dayton, Ohio. A State Trooper [Milford John Henry IV] observed the Defendant driving at a slow speed and followed the Defendant, observing the Defendant stop at a red light. When the Defendant stopped, the Trooper pulled up next to the Defendant's vehicle[1] and observed the Defendant's vehicle was stopped,

---

[1] Henry's testimony and his cruiser video, which was admitted in evidence, reflect that the front of Henry's cruiser was to the right of the rear of Britt's car when the light turned green and both cars began to move.

but that the Defendant's vehicle was stopped in a manner that the Defendant's vehicle was well past the marked stop line, in violation of O.R.C. 4511.43. When the light turned green, the Defendant was pulled over and stopped his vehicle.[2] The Defendant stopped his vehicle in the street instead of pulling to the curb.

The Defendant testified and stated that he stopped his vehicle properly before crossing the stop line marked in the roadway, but that he then pulled forward, crossing the stop line. The Defendant stated that he did this out of caution because he observed a vehicle approaching quickly from behind, which was the State Trooper's vehicle.[3] When the light changed from red to green, the Defendant proceeded through the intersection, but was stopped by the Trooper. The Defendant pulled off Main Street and proceeded to stop his vehicle. The Defendant stopped his vehicle in the street rather than pulling to the curb.

The Trooper then approached the Defendant's vehicle and questioned the Defendant; and in doing so, he smelled alcohol on the Defendant. He requested the Defendant submit to field sobriety tests, but the Defendant was unable to perform the tests due to his physical issues

---

[2] Henry's testimony and the video reflect that the stop did not actually occur at the intersection where Britt was observed over the stop bar, but a couple of intersections later, when Britt made a left turn onto an intersecting road.

[3] Britt testified that there was another vehicle overtaking him fast from the rear, but there is no evidence of this other vehicle on the cruiser video, which appears to contradict Britt's testimony in this regard.

and having a glass eye.[4]   The Defendant later agreed to a breathalyzer test, and the BAC result was .179.

The Court and Counsel reviewed the Trooper's cruiser camera which recorded the stop and observed the vehicle driven by the Defendant.   The video clearly showed that most of the Defendant's vehicle was stopped beyond the stop line.   Thus, the Court finds the State established that the Trooper observed a clear violation of O.R.C. 4511.43, and that the Trooper had reasonable suspicion to stop Britt's vehicle.

The Court further finds that the testimony regarding the field [sobriety] tests is not conclusive due to the Defendant's physical condition and having only one eye.   However, the Court finds this testimony has some relevance to whether the Defendant was under the influence of alcohol and/or drugs.   The Court finds the State has established the Trooper had reasonable grounds to request that the Defendant submit to the breathalyzer test.

Having found that there was sufficient reasonable suspicion to stop the Defendant's vehicle based upon observing the traffic violation of being over the stop line and finding the Trooper had reasonable grounds to believe the Defendant was under the influence of alcohol, the Court hereby denies the Defendant's Motion to Suppress.

{¶ 4} With the exceptions noted above (in footnotes 1 – 4), there is evidence in the

---

[4] Henry did perform horizontal and vertical gaze nystagmus tests on Britt's good eye, finding three of a possible three clues indicating impairment.   When the tests are performed on both eyes, with six possible clues (three for each eye), four clues is deemed to be evidence of impairment.

record to support the trial court's findings.

{¶ 5} A Dayton police officer responded to the scene at the beginning of the stop. The officers found a 40-ounce open container of beer in Britt's car, in which Britt was the only occupant.

## II. The Course of Proceedings

{¶ 6} Britt was charged with Operating a Vehicle While Under the Influence, in violation of R.C. 4511.19(A)(1)(a), Operating a Vehicle With a Concentration of Seventeen-Hundredths of One Gram or More by Weight of Alcohol per Two Hundred Ten Liters of the Person's Breath, in violation of R.C. 4511.19(A)(1)(h), and Failure to Stop, in violation of R.C. 4511.43.   Britt had a prior OVI conviction less than six years before this offense.

{¶ 7} Britt moved to suppress the evidence obtained as a result of the stop, contending that it was obtained as the result of an unlawful search and seizure. Following a hearing, Britt's motion to suppress was overruled.

{¶ 8} Thereafter, Britt pled no contest to all three charges.   After an explanation of the circumstances, the trial court found Britt guilty of all three charges.   The trial court found that the two OVI offenses were allied offenses of similar import, subject to merger. The State elected to have Britt sentenced under the R.C. 4511.19(A)(1)(h) OVI offense. Britt was sentenced to 180 days in jail, with a mandatory jail sentence of 20 days, and the remaining 160 days suspended, subject to intensive supervised probation, with alcohol and drug assessment and treatment, for one year.   At the sentencing hearing, Britt interrupted his attorney to express his preference to serve the minimum 20-day jail

sentence in preference to 10 days in jail and 36 days of electronic home monitoring. Britt's car was ordered immobilized for 90 days, and Britt received a one-year license suspension. He was also fined $525 and was ordered to pay court costs. There was no separate sentence for the Failure to Stop offense.

{¶ 9} Britt appeals from his conviction and sentence. The trial court stayed the execution of the sentence pending appeal.

### III. There Are No Potential Assignments of Error Having Arguable Merit

{¶ 10} Britt's assigned appellate counsel has filed an *Anders* brief, indicating that he can find no potential assignments of error having arguable merit. Under *Anders*, supra, we have an independent duty to review the record to see if there are any potential assignments of error having arguable merit. We have found none.

{¶ 11} We agree with counsel that there is no potential merit to the contention that the trial court erred by overruling the motion to suppress. As corroborated by his cruiser video, Trooper Henry found Britt with his vehicle stopped all the way into a crosswalk, with his rear wheels at the stop line. Thus Henry clearly had a basis for the stop.

{¶ 12} In his testimony, Trooper Henry summarized his basis for finding probable cause that Britt was driving while impaired:

Q. And at this point in your investigation, did you make a determination as to whether Mr. Britt was driving under the influence of alcohol?

A. Yes, everything that I could find at the scene, just the odor of alcohol was strong, the odor of alcoholic beverage, the HGN, the VGN, the horizontal gaze nystagmus, the vertical gaze nystagmus and the totality of

the circumstances, I did come to a conclusion that Mr. Britt did have a little too much to drink.

Q.  And what do you mean by the totality, did you also consider other things too, like his car was parked . . .

A.  The way his car was parked, the way he was over the stop bar, and knowing the slow reaction time or maybe he just wasn't paying attention but at four or five in the morning he could have been sleepy, but it was still all those together was slow reaction time.

Q.  What about his speech?

A.  His speech was slurred at times, I had to say things multiple times in order for him to answer the question or give me a nod or a reaction or anything.

Q.  Did anything about his speech stand out besides like with regard to the contents of his speech?

A.  You could smell the odor of alcohol on his breath.

Q.  And with regard to the odor of alcohol, did it get stronger or weaker when you got him out of the car?

A.  Once he got out of the car, it got stronger * * * .

{¶ 13} A finding of probable cause is based upon the totality of the facts and circumstances, even where no field sobriety tests are administered, or where they are not administered properly.   *State v. Homan*, 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000). In that case, the trooper observed erratic driving, and upon stopping the driver, observed that her eyes were "red and glassy" and that her breath smelled of alcohol.   Furthermore,

the driver admitted to the officer that she had been consuming alcoholic beverages. "The totality of these facts and circumstances amply supports Trooper Worcester's decision to place appellee under arrest." *Id.*

{¶ 14} In the case before us, Britt's having stopped his car at the intersection all the way into the crosswalk, and his stopping, in response to Henry's command, while partway in an intersection, are examples of erratic driving. Henry observed that Britt's good eye was red and glassy, and Britt admitted to having had a couple of beers. In addition, Britt's speech was slurred, and he had an open container of beer in the car with him. We conclude, based on the totality of these facts and circumstances, that no reasonable argument can be made that Trooper Henry lacked probable cause to arrest Britt for OVI.

{¶ 15} We have found no potential assignments of error having arguable merit. The trial court conducted a proper plea colloquy. The sentence imposed was authorized by law, and was warranted by the facts in the record.

## IV. Conclusion

{¶ 16} No potential assignments of error having arguable merit being found, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

Lynn Donaldson / Stephanie L. Cook
Joshua T. Shaw

Richard A. Nystrom
Sylvester Britt
Hon. John S. Pickrel